UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KATHLEEN ROHAN,

                Plaintiff,

    -against-                                     **ORDER**
                                                        24-CV-04042 (SJB) (JMW)

SIMON MANAGEMENT ASSOCIATES,
LLC,

                Defendant.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

    William Kevin Oates
    **Phillips & Associates, Attorneys at Law, PLLC**
    45 Broadway, Suite 430
    New York, NY 10006
    *Attorney for Plaintiff*

    Lisa Skruck
    David R. Ehrlich
    **Stagg Wabnik Law Group LLP**
    401 Franklin Avenue, Suite 300
    Garden City, New York 11530
    *Attorneys for Defendant*

**WICKS,** Magistrate Judge:

    During the pendency of this action Plaintiff relocated from New York to Virginia. She suffers from Long Haulers COVID. Her deposition now having been noticed she seeks an order directing that the deposition be held remotely rather than in person in New York as noticed. Has Plaintiff established sufficient cause to overrule Defendant's choice of the method and location of her deposition?

    Plaintiff Kathleen Rohan ("Plaintiff") commenced the underlying action against Simon Management Associates, LLC ("Defendant") on June 5, 2024, asserting claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623. *et seq.* ("ADEA"); the Americans

1

with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); and the New York State Human Rights Law, New York Executive Law, § 296, *et seq*. ("NYSHRL"). (*See generally* ECF No. 1.) Plaintiff seeks damages for the discrimination she allegedly endured during her employment with Defendant on account of her age and disability, Long Haulers COVID-19 ("Long COVID-19"). (*Id.* at ¶¶ 1, 9.)

Before the Court is Plaintiff's motion requesting that her deposition, that was noticed to be taken in New York, be held remotely in light of the fact she now resides in Virginia[1] and asserts that she "has been inflicted with Long Haulers COVID-19, which has made it difficult for her to travel long distances". (ECF No. 14 at p. 1.) Defendant, on the other hand, contends that Plaintiff's reasoning and corresponding lack of support, do not amount to "good cause" or a "compelling circumstance" sufficient to prevent Defendant, the party noticing the deposition, from being able to assess Plaintiff's credibility and demeanor in person in New York, the forum chosen by Plaintiff. (*See generally* ECF No. 15.) For the reasons that follow, Plaintiff's request that her deposition be taken remotely (ECF No. 14) is **DENIED**.

A "district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. V. Republic of Argentina*, 695 F.3d 201, 207 (2d. Cir. 2012) (citation omitted). In general, "the party noticing the deposition usually has the right to choose the location." *See Buzzeo v. Bd. of Educ.,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citation omitted); *see also* Fed. R. Civ. P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"); 7 Moore's Federal Practice, § 30.20[1][b][ii] (same). Notwithstanding, the Court in its discretion has the authority to designate the location of depositions. *JB Aviation, LLC v. R Aviation Charter Servs., LLC,* No. CV 14-5175, 2016 WL 4444794, at *4 (E.D.N.Y. Aug. 23,

---

[1] At the time Plaintiff commenced the action she was a resident of New York (ECF No. 1 at ¶ 8), but, as noted in her motion, she currently resides in Virginia. (ECF No 14 at p. 1.)

2016); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99-CV-1930 (RMB)(THK), 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) (citations omitted) ("In the end, the decision as to the location of the deposition lies within the discretion of the court."); *Sugarhill Records Ltd. v. Motown Record Corp.,* 105 F.R.D. 166, 171 (S.D.N.Y. 1985). That is, under Rule 26(c), the Court is vested with the authority to determine how and where a deposition should take place. *Sabhnani v. Mirage Brands, LLC*, No. 22-cv-00936 (JS) (JMW), 2022 WL 16965009, at *1 (E.D.N.Y. Nov. 16, 2022) (citing *Sugarhill*, 105 F.R.D. at 171). The same is true for determining whether the deposition should be in person or remote.

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition . . . the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship . . . and conduct a careful weighing of the relevant facts.'" *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (quoting *RP Fam., Inc. v. Commonwealth Land Title Ins. Co.*, No. 10 CV 1149 (DLI)(CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011)).

Here, Plaintiff contends that her deposition should be taken remotely because she "resides in Virginia, [and] has been inflicted with Long Haulers COVID-19, which has made it difficult for her to travel long distances." (ECF No. 14. at p. 1.) Defendant, conversely, argues that Plaintiff submitted "no affidavit regarding her supposed health condition, nor does she provide a doctor's note". (ECF No. 15 at p. 2.) Rather, as Defendant proffers, her "vague allusion" to her alleged

3

illness fails to establish any "good cause or compelling circumstance" as to why Defendant should be denied the opportunity to examiner her in person. (*Id.*)

For a party to have the deposition conducted remotely, ordinarily the application must contain more than a conclusory statement for such relief. *See Stapleton v. Prince Carpentry, Inc.*, No. 22-cv-004044 (JS) (JMW), 2023 WL 1785547, at *1 (E.D.N.Y. Feb. 6, 2023) (denying plaintiff's motion for a remote deposition where, though concerned about contracting COVID, plaintiff's motion was "not supported by evidence of the necessity" to have her deposition taken remotely); *but see PC-41 Doe v. Poly Prep Country Day School*, No. 20-CV-03628-DG-SJB, 2022 WL 420619, at *1, *3 (E.D.N.Y. Jan. 20, 2022) (granting the motion for remote deposition where plaintiff's motion, namely, "provided specific articulated facts about the [COVID] risks faced by him and his family from travel and in-person depositions"). The must be some factual support and particularized basis that would justify altering or modifying the noticing party's choice of deposition logistics.

Here, the sole basis for Plaintiff's motion to have the deposition conducted remotely is her sole statement about her condition. This does not provide sufficient information to determine how and to what the extent there are travel "difficulties," whether she is physically prevented from travelling to New York for her deposition, and the state of her current condition. Indeed, though Plaintiff contends in her Complaint that she was diagnosed with Long COVID-19 in August 2021, the last mention of her symptoms was in relation to "early February 2023". (ECF No. 1 at ¶ 53.) This is over one year before she filed this lawsuit and over two years before her motion. Nor is the application supported by medical records or even a so-called doctor's note. As such, given the paucity of details and support, the Court finds no basis to overturn Defendant's choice of how the

deposition should be conducted since the alleged "necessity" for a remote deposition has not been established.

The party noticing the deposition is generally entitled to choose the deposition's location, and here, Defendant noticed Plaintiff's deposition in New York. This presumption in favor of the noticing party may be rebutted by the deponent showing that considerations like cost, convenience, and litigation efficiency weigh against the designated location. *See United States v. M/Y Amadea, A Motor Yacht Bearing Int'l Maritime Org. No. 1012531*, No. 23 Civ. 9304 (DEH), 2025 WL 50027, at *2 (S.D.N.Y. Jan. 8, 2025). The hardship articulated by Plaintiff is not, in this Court's view, sufficient to overcome the noticing party's right to conduct the deposition in person if that is the chosen path.

Defendant alternatively raises that even if this Court did not require Plaintiff to travel to New York for the deposition, Defendant and its counsel would travel to Virginia to conduct an in-person deposition of Plaintiff. (ECF No. 15 at pp. 3-4.) Accordingly, Plaintiff is afforded the option of either appearing for the deposition in New York, or appear for a deposition in Virginia, with Plaintiff bearing Defendant's costs of travel to Virginia. *See Liu v. Chan*, No. 18-CV-05044-KAM-SJB, 2022 WL 2467105, at *3 (E.D.N.Y. Jan. 26, 2022) (finding that as "the party bringing the suit in the Eastern District of New York, [Plaintiff] appears to have moved during the pendency of the litigation, and Defendants should not have to bear the increased costs for the deposition that [Plaintiff] is obligated to appear for, given that he filed the case.") (internal citation omitted).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion requesting that her deposition be taken remotely (ECF No. 14) is **DENIED**. The parties are directed to meet and confer and file a joint status letter on ECF on or before **April 4, 2025**, advising the Court on whether the in person

5

deposition will take place in New York or Virginia with Plaintiff bearing Defendant's travel costs.

Dated:   Central Islip, New York
        March 22, 2025

**SO ORDERED:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

6